Joseph Cartolano
jcartolano@candalawoffices.com
Cartolano & Alvero, P.A.
1175 NE 125th Street, Ste. 219
Miami, FL 33161
Phone: (305) 899-6842

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SERGIO LOPEZ et al, CASE NO.: 1:26-cv-24614-RKA

Plaintiffs,

v.

SOUTH LAWN SERVICE, INC., ABELINO MARTINEZ, and OSCAR DOMINGEZ,

Defendants.
_______________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants SOUTH LAWN SERVICE, INC., ABELINO MARTINEZ, and OSCAR DOMINGEZ, through undersigned counsel, file this ANSWER AND AFFIRMATIVE DEFENSES and state as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the motivations of Plaintiff, and demand strict proof thereof, and deny all other allegations contained in paragraph 1 and demand strict proof thereof.

2. Defendants deny knowledge or information sufficient to form a belief as to the motivations of Plaintiff, and demand strict proof thereof, and deny all other allegations contained in paragraph 2 and demand strict proof thereof.

3. Defendants deny knowledge or information sufficient to form a belief as to the motivations of Plaintiff, and demand strict proof thereof, and deny all other allegations contained in paragraph 3 and demand strict proof thereof.

4. Defendants admit subject matter jurisdiction, and deny all other allegations contained in paragraph 4 and demand strict proof thereof.

5. Defendants admit venue is proper and deny all other allegations contained in

paragraph 5 and demand strict proof thereof.

6. Defendants do not respond to the allegations contained paragraph 6 to the extent they contain statements of law and not facts and therefore deny knowledge sufficient to form a belief as to those allegations; to the extent the allegations assert facts, the Defendants deny knowledge or information sufficient to form a belief and demand strict proof thereof.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants do not respond to the allegations contained paragraph 8 to the extent they contain statements of law and not facts and therefore deny knowledge sufficient to form a belief as to those allegations; to the extent the allegations assert facts, the Defendants deny knowledge or information sufficient to form a belief and demand strict proof thereof.

9. Defendants deny the allegations contained in paragraph 9 and demand strict proof thereof.

10. Defendants deny the allegations contained in paragraph 10 and demand strict proof thereof.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 and demand strict proof thereof.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations contained in paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations contained in paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations contained in paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations contained in paragraph 18 and demand strict proof thereof.

19. Defendants deny the allegations contained in paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations contained in paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations contained in paragraph 21 and demand strict proof thereof.

22. Defendants deny the allegations contained in paragraph 22 and demand strict proof thereof.

23. Defendants deny the allegations contained in paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations contained in paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations contained in paragraph 25 and demand strict proof thereof.

26. Defendants deny the allegations contained in paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations contained in paragraph 27 and demand strict proof thereof.

28. Defendants deny the allegations contained in paragraph 28 and demand strict proof thereof.

29. Defendants deny the allegations contained in paragraph 29 and demand strict proof thereof.

30. Defendants admit the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31 and demand strict proof thereof.

32. Defendants deny the allegations contained in paragraph 32 regarding harsh conditions and demand strict proof thereof.

33. Defendants deny the allegations contained in paragraph 33 and demand strict proof thereof.

34. Defendants deny the allegations contained in paragraph 34 and demand strict proof thereof.

35. Defendants deny the allegations contained in paragraph 35 and demand strict proof thereof.

36. Defendants deny the allegations contained in paragraph 36 and demand strict proof thereof.

37. Defendants deny the allegations contained in paragraph 37 and demand strict proof thereof.

38. Defendants deny the allegations contained in paragraph 38 and demand strict proof thereof.

39. Defendants deny the allegations contained in paragraph 39 and demand strict proof thereof.

40. Defendants deny the allegations contained in paragraph 40 and demand strict proof thereof.

41 Defendants deny the allegations contained in paragraph 41 and demand strict proof thereof.

42. Defendants deny the allegations contained in paragraph 42 and demand strict proof thereof.

43. Defendants deny the allegations contained in paragraph 13 and demand strict proof thereof.

44. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 and demand strict proof thereof.

45. As answered above.

46. Defendants deny the allegations contained in paragraph 46 and demand strict proof thereof.

47. Defendants deny the allegations contained in paragraph 47 and demand strict proof thereof.

48. Defendants do not respond to the allegations contained paragraph 48 to the extent they contain statements of law and not facts and therefore denies knowledge sufficient to form a belief as to the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49 and demand strict proof thereof.

50. Defendants deny the allegations contained in paragraph 50 and demand strict proof thereof.

51. Defendants deny the allegations contained in paragraph 51 and demand strict proof

thereof.

52. Defendants deny the allegations contained in paragraph 52 and demand strict proof thereof.

53. Defendants deny the allegations contained in paragraph 53 and demand strict proof thereof.

54. Defendants deny the allegations contained in paragraph 54 and demand strict proof thereof.

55. Defendants deny the allegations contained in paragraph 55 and demand strict proof thereof.

56. Defendants deny the allegations contained in paragraph 56 and demand strict proof thereof.

57. As answered above.

58. Defendants deny the allegations contained in paragraph 58 and demand strict proof thereof.

59. Defendants deny the allegations contained in paragraph 59 and demand strict proof thereof.

60. Defendants do not respond to the allegations contained paragraph 60 to the extent they contain statements of law and not facts and therefore denies knowledge sufficient to form a belief as to the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61 and demand strict proof thereof.

62. Defendants deny the allegations contained in paragraph 62 and demand strict proof thereof.

63. Defendants deny the allegations contained in paragraph 63 and demand strict proof thereof.

64. Defendants deny the allegations contained in paragraph 64 and demand strict proof thereof.

65. Defendants deny the allegations contained in paragraph 65 and demand strict proof thereof.

66. Defendants deny the allegations contained in paragraph 66 and demand strict proof thereof.

67. Defendants deny the allegations contained in paragraph 67 and demand strict proof thereof.

68. Defendants deny the allegations contained in paragraph 68 and demand strict proof thereof.

69. As answered above.

70. Defendants deny the allegations contained in paragraph 70 and demand strict proof thereof.

71. Defendants deny the allegations contained in paragraph 71 and demand strict proof thereof.

72. Defendants do not respond to the allegations contained paragraph 72 to the extent they contain statements of law and not facts and therefore denies knowledge sufficient to form a belief as to the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73 and demand strict proof thereof.

74. Defendants deny the allegations contained in paragraph 74 and demand strict proof thereof.

75. Defendants deny the allegations contained in paragraph 75 and demand strict proof thereof.

76. Defendants deny the allegations contained in paragraph 76 and demand strict proof thereof.

77. Defendants deny the allegations contained in paragraph 77 and demand strict proof thereof.

78. Defendants deny the allegations contained in paragraph 78 and demand strict proof thereof.

79. Defendants deny the allegations contained in paragraph 79 and demand strict proof thereof.

80. As answered above.

81. Defendants deny the allegations contained in paragraph 81 and demand strict proof thereof.

82. Defendants deny the allegations contained in paragraph 82 and demand strict proof thereof.

83. Defendants deny the allegations contained in paragraph 83 and demand strict proof thereof.

84. Defendants do not respond to the allegations contained paragraph 84 to the extent they contain statements of law and not facts and therefore denies knowledge sufficient to form a belief as to the allegations contained in paragraph 84.

85. Defendants deny the allegations contained in paragraph 85 and demand strict proof thereof.

86. Defendants do not respond to the allegations contained paragraph 84 to the extent they contain statements of law and not facts and therefore denies knowledge sufficient to form a belief as to the allegations contained in paragraph 84.

87. Defendants do not respond to the allegations contained paragraph 87 to the extent they contain statements of law and not facts and therefore denies knowledge sufficient to form a belief as to the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88 and demands strict proof thereof.

89. Defendant denies the allegations contained in paragraph 89 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses to the Complaint:

1. Plaintiff did not work any overtime for which he was not compensated, as reflected by Plaintiff's earning records and timekeeping records.

2. Defendants did not know, nor should they have known, that Plaintiff worked overtime for which he was not properly compensated, and therefore cannot be liable for any alleged unpaid overtime.

3. During all relevant times, Defendants acted in good faith and with reasonable grounds for believing that their acts or omissions were not in violation of the FLSA, and therefore cannot be held liable for liquidated damages under the FLSA. At no point were Defendants aware (nor should they have been aware) that Plaintiff engaged in activity that he considered work and expected to be paid for outside of the hours for which he was fairly compensated.

4. To the extent that Plaintiff worked overtime for which he was not paid, the amount of such overtime is *de minimis* and not compensable.

5. Plaintiff is estopped or has waived claims by failing to follow Defendant's timekeeping policies, failing to report alleged overtime, or accepting payment without objection.

6. Plaintiff suffered no damages, or any alleged damages are speculative, remote, or unrecoverable.

7. Plaintiff cannot represent others because Plaintiff is not similarly situated to putative collective members.

8. Defendant did not act willfully.

9. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

10. Defendant relied in good faith on Department of Labor regulations, opinion letters, prevailing industry standards or the guidance of its Professional Employer Organization.

11. Plaintiff's own misconduct, including failing to report hours, or violating company policy, bars or limits recovery.

12. Plaintiff failed to mitigate alleged damages.

13. To the extent Defendants are indebted to Plaintiff for any unpaid overtime compensation, the extent of Defendants' liability must be offset by the hours for which Plaintiff did not work but was paid nonetheless by Defendants.

14. The Complaint fails to allege facts sufficient to state a claim for workers' compensation retaliation under applicable law.

15. Plaintiff did not file, attempt to file, or otherwise exercise rights under the workers' compensation statute. Any alleged conduct does not constitute protected activity under Chapter 440.

16. The alleged conduct does not constitute an adverse employment action as a matter of law. Any actions taken were routine, non-disciplinary, and applied uniformly to all employees.

17. No causal relationship exists between any protected activity and any alleged adverse action.

18. The decision-makers lacked knowledge of any workers' compensation claim, and intervening legitimate events— including performance issues, attendance violations, or policy infractions—break any alleged causal chain.

19. Any employment action affecting Plaintiff was based on legitimate, non-retaliatory business reasons, including but not limited to performance deficiencies, misconduct, violation of

company policy, or operational needs. These reasons would have resulted in the same action regardless of any workers' compensation activity.

20. Even if Plaintiff's workers' compensation activity played any role—which Defendant denies—Defendant would have made the same decision for lawful reasons. Any alleged protected activity was not a substantial motivating factor.

21. Plaintiff unreasonably delayed asserting the claim, and Defendant has been materially prejudiced by the delay.

22. Plaintiff's conduct is inconsistent with the assertion of a retaliation claim and bars recovery under the doctrines of waiver and estoppel.

23. Defendant discovered evidence of Plaintiff's misconduct or policy violations that would have resulted in termination or other adverse action regardless of any alleged protected activity.

24. Plaintiff engaged in misconduct, including violation of workplace rules, insubordination, dishonesty, or safety violations, which justified any employment action taken.

25. Plaintiff made false or misleading statements regarding injury, restrictions, or work status. Defendant acted on the basis of these misrepresentations, not any workers' compensation activity.

26. Any employment action resulted from economic necessity, restructuring, or reduction in force unrelated to any workers' compensation claim.

27. Defendant acted in good faith and in compliance with all applicable statutes, regulations, and administrative requirements.

28. Any alleged damages were not proximately caused by Defendant's conduct and are speculative, remote, or unrecoverable.

29. Defendants reserves their right to seek to recover from Plaintiff and/or Plaintiff's counsel reasonable attorneys' fees and costs in connection with Defendants' defense of this action. Defendants expressly reserve the right to add additional defenses and affirmative defenses as this case proceeds.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury on any and all issues so triable by right.

Respectfully submitted on this 18th day of August, 2026.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will serve a copy to all counsels of record.

Dated: August 18th, 2026

Signed:

Joseph Cartolano
jcartolano@candalawoffices.com
Cartolano & Alvero, P.A.
1175 NE 125th Street, Ste. 219
Miami, FL 33161
Phone: (305) 899-6842

Attorney for Defendants