UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-24614-ALTMAN/HERNANDEZ

SERGIO LOPEZ,

Plaintiff,

v.

SOUTH LAWN SERVICE, INC.,
ABELINO MARTINEZ, AND
OSCAR DOMINGUEZ,

Defendants.
_______________________________/

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, South Lawn Service, Inc., Abelino Martinez, and Oscar Dominguez, file their Answer and Affirmative Defenses to the Complaint as follows:

**ANSWER**

1. Defendants deny the allegations in paragraph 1.

2. Defendants admit that this Court has jurisdiction over Plaintiff's claims in Counts I and II but deny the remaining allegations in paragraph 2 and deny that this Court has jurisdiction over his claim in Count III.

3. Defendants deny the allegations in paragraph 3.

JURISDICTION AND VENUE

4. Defendants admit that this Court has jurisdiction over Plaintiff's claims in Counts I and II but deny the remaining allegations in paragraph 4 and deny that this Court has jurisdiction over his claim in Count III.

5. Defendants admit that this Court is the appropriate venue to adjudicate Plaintiff's claims in Counts I and II but deny the remaining allegations in paragraph 5.

PARTIES

6. Defendants admit that Plaintiff is a *sui juris* resident of Miami-Dade County, Florida, and that the FLSA applies to his work for Defendant, South Lawn Services, Inc., but denies the remaining allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit that, from time to time, Defendant Dominguez supervised Plaintiff in his work but deny the remaining allegations in paragraph 10.

FACTUAL ALLEGATIONS

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit the allegations that they controlled his work and that Defendants South Lawn and Martinez employed Plaintiff but deny the remaining allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19 and would state that in the first week of November 2023, Plaintiff stopped picking up others and taking them to the Shell gas station in the morning or from the Shell gas station home at the end of the workday. During the first week of November 2023, a South Lawn employee began driving Plaintiff to the Shell gas

station in the morning, and in the afternoon, a South Lawn employee would drive Plaintiff home from the Shell gas station.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants refer to the pay stubs Defendant South Lawn issued to Plaintiff for the hours each pay stub reflects him as having worked that workweek (if at all) and the categorization of the payment(s) on each check and deny the allegations in paragraph 22 to the extent inconsistent therewith and the remaining allegations in paragraph 22.

23. Defendants refer to the pay stubs Defendant South Lawn issued to Plaintiff for the hours each pay stub reflects him as having worked that workweek (if at all) and the categorization of the payment(s) on each check and deny the allegations in paragraph 23 to the extent inconsistent therewith and the remaining allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants refer to the pay stubs Defendant South Lawn issued to Plaintiff for the hours each pay stub reflects him as having worked that workweek (if at all) and the categorization of the payment(s) on each check and deny the allegations in paragraph 25 to the extent inconsistent therewith and the remaining allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. While Defendants admit that Plaintiff was involved in a motor vehicle accident on a Sunday that was not work-related, which likely resulted in the symptoms claimed, Defendants deny the allegations in paragraph 31.

32. Defendants admit that Plaintiff's work for a landscaping company required him to work outdoors but deny the remaining allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. While Defendants admit that Plaintiff had a pre-existing cyst on his hand and/o wrist, Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants admit that South Lawn issued Plaintiff a written disciplinary warning for the stated reasons, based on his workplace conduct, but deny the remaining allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST CORPORATE DEFENDANT)

45. Defendant South Lawn reincorporates the responses to paragraphs 1 through 29.

46. Defendant South Lawn admits that Plaintiff worked as a landscaper but denies the remaining allegations in paragraph 46.

47. Defendant South Lawn denies the allegations in paragraph 47.

48. Paragraph 48 is a statement of law to which no response is required; to the extent a response is required, Defendant South Lawn admits FLSA coverage, while Defendants deny all remaining allegations in paragraph 48.

49. Defendant South Lawn denies the allegations in paragraph 49.

50. Defendant South Lawn denies the allegations in paragraph 50.

51. Defendant South Lawn denies the allegations in paragraph 51.

52. Defendant South Lawn denies the allegations in paragraph 52.

53. Defendant South Lawn denies the allegations in paragraph 53.

54. Defendant South Lawn denies the allegations in paragraph 54.

55. Defendant South Lawn denies the allegations in paragraph 55.

56. Defendant South Lawn denies the allegations in paragraph 56.

**COUNT II**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST DEFENDANT MARTINEZ)**

57. Defendant Martinez reincorporates the responses to paragraphs 1 through 29.

58. Defendant Martinez admits that Plaintiff worked as a landscaper but denies the remaining allegations in paragraph 58.

59. Defendant Martinez denies the allegations in paragraph 59.

60. Paragraph 60 is a statement of law to which no response is required; to the extent a response is required, Defendant Martinez admits FLSA coverage, while Defendants deny all remaining allegations in paragraph 60.

61. Defendant Martinez denies the allegations in paragraph 61.

62. Defendant Martinez denies the allegations in paragraph 62.

63. Defendant Martinez denies the allegations in paragraph 63.

64. Defendant Martinez denies the allegations in paragraph 64.

65. Defendant Martinez denies the allegations in paragraph 65.

66. Defendant Martinez denies the allegations in paragraph 66.

67. Defendant Martinez denies the allegations in paragraph 67.

68. Defendant Martinez denies the allegations in paragraph 68.

## COUNT III

## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST DEFENDANT DOMINGUEZ)

69. Defendant Dominguez reincorporates the responses to paragraphs 1 through 29.

70. Defendant Dominguez admits that Plaintiff worked as a landscaper but denies the remaining allegations in paragraph 70.

71. Defendant Dominguez denies the allegations in paragraph 71.

72. Paragraph 72 contains statements of law to which no response is required; to the extent a response is required, Defendant Dominguez denies all remaining allegations in paragraph 72.

73. Defendant Dominguez denies the allegations in paragraph 73.

74. Defendant Dominguez denies the allegations in paragraph 74.

75. Defendant Dominguez denies the allegations in paragraph 75.

76. Defendant Dominguez denies the allegations in paragraph 76.

77. Defendant Dominguez denies the allegations in paragraph 77.

78. Defendant Dominguez denies the allegations in paragraph 78.

79. Defendant Dominguez denies the allegations in paragraph 79.

**COUNT IV**

**RETALIATION IN VIOLATION OF FLORIDA STATUTES SECTION 440.205 (AGAINST CORPORATE DEFENDANT)**

80. Defendant South Lawn reincorporates the responses to paragraphs 1 through 10 and 30 through 44.

81. Defendant South Lawn denies the allegations in paragraph 81.

82. Defendant South Lawn denies the allegations in paragraph 82.

83. Defendant South Lawn denies the allegations in paragraph 83.

84. Defendant South Lawn denies the allegations in paragraph 84.

85. Defendant South Lawn denies the allegations in paragraph 85.

86. Defendant South Lawn denies the allegations in paragraph 86.

87. Defendant South Lawn denies the allegations in paragraph 87.

88. Defendant South Lawn denies the allegations in paragraph 88.

89. Defendant South Lawn denies the allegations in paragraph 89.

90. Defendants deny all allegations not specifically responded to above.

**AFFIRMATIVE DEFENSES**

**A. To Counts I, II, III, and IV**

For their First Affirmative Defense, Defendants state that Plaintiff failed to state a cause of action for which relief can be granted.

For their Second Affirmative Defense, Defendants state that some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

**B. To Counts I, II, and III**

For their Third Affirmative Defense, Defendants state that they are entitled to a setoff for

any wages or damages due to Plaintiff for any/all loans, premium compensation, overpayments, bonuses, Saturday pay, cash, off-cycle payments, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff as an advance.

For their Fourth Affirmative Defense, Defendants state that recovery under the Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

For their Fifth Affirmative Defense, Defendants state that they cannot be held liable for liquidated damages, because they acted in good faith and had reasonable grounds for believing their acts or omissions were not a violation of the FLSA and believed then and believe now that their actions fully comply with the FLSA.

For their Sixth Affirmative Defense, Defendants state that to the extent that Plaintiff performed work without their actual and/or constructive knowledge, he is not entitled to recovery for such time.

For their Seventh Affirmative Defense, Defendants state that Plaintiff cannot recover both liquidated damages and interest if he prevails on his FLSA overtime claim.

For their Eighth Affirmative Defense, Defendants state that there can be no recovery with respect to all times during which Plaintiff was waiting to be engaged.

For their Ninth Affirmative Defense, Defendants state that there can be no recovery because some or all of the time for which compensation is sought is *de minimis*, and therefore is not compensable.

For their Tenth Affirmative Defense, Defendants state that Plaintiff is not entitled to any relief for any bona fide break or meal period(s) of 15 minutes or more.

For their Eleventh Affirmative Defense, Defendants state that Plaintiff's overtime claim must be on a workweek-by-workweek basis and may be barred or reduced for weeks in which he performed exempt, non-covered, non-compensable, or otherwise excluded work.

For their Twelfth Affirmative Defense, Defendants state that Defendants, Abelino Martinez and/or Oscar Dominguez, were not Plaintiff's "employers" under the FLSA, lacked sufficient operational control over compensation and payroll decisions, and cannot be held individually liable.

For their Thirteenth Affirmative Defense, Defendants state that if any overtime is owed to Plaintiff, it must be calculated on a half-time basis.

**C. To Count IV**

As its Fourteenth Affirmative Defense, Defendant South Lawn states that Plaintiff's merely reporting pain (that his hand hurts), requesting medical treatment, going to the hospital, or providing medical paperwork does not constitute protected workers' compensation activity unless he actually claimed, attempted to claim, or pursued a valid claim for workers' compensation benefits.

As its Fifteenth Affirmative Defense, Defendant South Lawn states that Plaintiff cannot recover economic damages (lost wages during) any period of time that he was not physically capable of working and/or not released back to work. *See Caterpillar Logistics Services, Inc. v. Amaya*, 201 So.3d 173 (Fla. 3d DCA 2016).

As its Sixteenth Affirmative Defense, Defendant South Lawn would state that, although unknown to Plaintiff at the time, it decided to issue Plaintiff three written correction forms before he made a claim or attempted to make a claim for workers' compensation benefits. On May 28, 2026, Plaintiff said he was going to the hospital because his hand/wrist hurt due to a cyst, and left

work early that day. Defendant South Lawn gave the written correction forms to Plaintiff with his paycheck on June 1, 2026, before Plaintiff made a claim or attempted to make a claim for workers' compensation benefits. Defendant South Lawn did not learn that Plaintiff made or attempted to make a claim for workers' compensation benefits until June 4 or 5, 2026, precluding a finding that it engaged in any retaliatory action.

As its Seventeenth Affirmative Defense, Defendant South Lawn states that Plaintiff knew or reasonably should have known that he suffered from a cyst on his left hand and/or wrist that was unrelated to his working with Defendant; therefore, Plaintiff neither made nor attempted to make a valid claim for compensation under Florida's Workers' Compensation Law related to his left hand and/or wrist.

As its Eighteenth Affirmative Defense, Defendant South Lawn states that Plaintiff knew or reasonably should have known that he suffered injuries in a car accident in 2023 unrelated to his working with Defendant; therefore, Plaintiff neither made nor attempted to make a valid claim for compensation under Florida's Workers' Compensation Law related to any stomach issue, hernia, or other symptom resulting from this car accident.

As its Nineteenth Affirmative Defense, Defendant South Lawn states that Plaintiff failed to mitigate his damages and, therefore, any damages must be reduced accordingly.

As its Twentieth Affirmative Defense, Defendant South Lawn states that Plaintiff did not suffer from any adverse employment action, as the written warning issued to him did not result in any loss of pay, demotion, termination, schedule reduction, or materially adverse change in his employment, is not actionable, and that Plaintiff suffered no recoverable damages.

As its Twenty-First Affirmative Defense, Defendant South Lawn states that the decision-makers lacked knowledge of any valid workers' compensation claim (or attempt by

Plaintiff to make a valid workers' compensation claim), and intervening legitimate events—including performance issues, attendance violations, or policy infractions—break any alleged causal chain.

As its Twenty-Second Affirmative Defense, Defendant South Lawn states that any and all decisions it made concerning Plaintiff were made based on legitimate, non-discriminatory, and non-retaliatory reasons.

As its Twenty-Third Affirmative Defense, Defendant South Lawn states that Plaintiff has failed to provide a record sufficient to support a claim for punitive damages under Fla. Stat. §768.72; even if permitted, they are unavailable, unsupported by the facts, barred or limited by applicable standards, and constitutionally excessive if awarded.

As its Twenty-Fourth Affirmative Defense, Defendant South Lawn states that any emotional distress or non-economic damages claimed by Plaintiff were caused by other persons, conditions, preexisting issues and/or conditions, intervening events, or non-actionable workplace events, not by Defendant South Lawn's alleged conduct.

As its Twenty-Fifth Affirmative Defense, Defendant states that it is entitled to a set-off for all payments it made to Plaintiff while he was unable to work and/or did not work, and/or for all collateral source payments paid or payable to the Plaintiff.

As its Twenty-Sixth Affirmative Defense, Defendant South Lawn states that Plaintiff's alleged damages were not proximately caused by its conduct and are speculative, remote, or unrecoverable.

Defendants reserve the right to assert other, viable affirmative defenses as they become known through the course of discovery.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury of all issues so triable.

WHEREFORE, having responded to the Complaint, Defendants, South Lawn Service, Inc., Abelino Martinez, and Oscar Dominguez, seek the recovery of their costs, their attorneys' fees as permitted under 28 U.S.C. §1927, and such other relief as the Court deems just and proper upon prevailing in this action.

Dated this 15th day of September 2026.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
*Counsel for Defendants*