**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-24614**

SERGIO LOPEZ, on behalf of himself
and all others similarly situated under 29
U.S.C. §216(b),

Plaintiff,

v.

SOUTH LAWN SERVICE, INC., a Florida
Profit Corporation, ABELINO MARTINEZ,
an individual, and OSCAR DOMINGEZ, an
individual,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff, Sergio Lopez ("Plaintiff" or "Mr. Lopez"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully moves this Court for leave to file the attached First Amended Complaint, and in support states:

1. Plaintiff commenced this action on July 6, 2026, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and Florida Statutes Section 440.205.

2. Plaintiff seeks leave to amend the Complaint to: (a) add Advantage Personnel Resources III LLC as a defendant with respect to Plaintiff's FLSA claims based upon information disclosed during discovery; and (b) incorporate the damages information required by this Court's November 4, 2026 Order in Actions Brought Under the FLSA, including Plaintiff's estimated unpaid wages, preliminary damages calculations, approximate violation period, and the nature of the wages claimed. *See* ECF No. 28.

3. Plaintiff files this Motion within the deadline established by the Court's Scheduling Order for amendment of pleadings and addition of parties. Accordingly, the Motion is governed by Rule 15(a)(2)'s liberal amendment standard. *See* ECF No. 15.

**FACTUAL BACKGROUND**

4. On October 27, 2026 Defendants served their Rule 26 Initial Disclosures on Plaintiff. In those Initial Disclosures Defendants identified personnel associated with Advantage Personnel Resources III LLC as possessing knowledge concerning Plaintiff's payroll, compensation, employment status, accommodations, return-to-work issues, performance issues, and other employment-related matters.

5. Defendants' Initial Disclosures further identified various Advantage Personnel Resources III LLC personnel as having provided communications and advice concerning Plaintiff's employment status, pay and payroll, absences, medical issues, accommodations, return-to-work issues, performance issues, and employment-related decisions affecting Plaintiff.

6. The privilege disclosures served by Defendants also identify communications between Defendants and Advantage Personnel Resources III LLC personnel concerning advice and recommendations regarding Plaintiff's claimed workplace injuries, claims, performance, and work status.

7. On October 27, 2026, Defendants also served Requests for Admission asserting that Advantage Personnel Resources III LLC paid Plaintiff's wages and issued Plaintiff's W-2 forms.

8. Defendants' Initial Disclosures and discovery responses provide a factual basis to allege that Advantage Personnel Resources III LLC performed payroll, compensation, human-resources, employment-status, and other employment-administration functions affecting Plaintiff and therefore acted as Plaintiff's employer and/or joint employer within the meaning of the FLSA.

9. Plaintiff does not seek amendment to delay these proceedings or alter the essential nature of the action. The proposed First Amended Complaint reflects information obtained through discovery and incorporates the FLSA damages information required by the Court's recent Order. The amendment is directed toward resolving the existing controversy on a complete factual record.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that, when amendment is no longer available as a matter of course, a party may amend with the opposing party's written consent or the Court's leave, and "[t]he court should freely give leave when justice so requires."Accordingly, leave should be freely granted absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previously permitted amendments, undue prejudice to the opposing party, or futility. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). A court considering leave must also account for any prejudice the amendment would cause the opposing party. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).

Those considerations favor amendment here. Plaintiff seeks to amend based on information disclosed by Defendants during discovery and to comply with this Court's Order. *See* ECF No. 28. There has been no repeated failure to cure deficiencies through previously permitted amendments as this is Plaintiff's first request to amend. The request is timely because it was filed within the deadline established by the Court's Scheduling Order. *See* ECF No. 15. Further, Amendment is not sought by or motivated by bad faith or delay. Rather, Plaintiff seeks to ensure that the proper Defendants are included in this action. Finally, the proposed amendment will not unduly prejudice Defendants because the case remains in the early stages of discovery and trial is not scheduled until September 8, 2027.

Accordingly, Plaintiff respectfully requests that the Court grant this Motion and deem Plaintiff's Amended Complaint as properly filed as of November 4, 2026.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has conferred with counsel for Defendants, who has indicated that Defendants oppose the relief sought herein.

WHEREFORE, Plaintiff, Sergio Lopez, respectfully requests that this Court enter an Order granting this Motion, accepting Plaintiff's First Amended Complaint as properly filed as of November 4, 2026, and granting such other and further relief as the Court deems just and proper.

Date: November 4, 2026

Respectfully submitted,

*/s/Philip F. McManus*
Philip F. McManus, Esq.
Florida Bar No. 1028234
Suhaill M. Morales, Esq.
Florida Bar No. 84448
SMM Law P.A.
7900 NW 155 Street, Suite 203
Miami Lakes, FL 33016
305-518-7026
smorales@smmlawfirm.com
philip@smmlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record.

*/s/Philip F. McManus*
Philip F. McManus