**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-24614**

SERGIO LOPEZ, on behalf of himself
and all others similarly situated under 29
U.S.C. §216(b),

Plaintiff,

v.

SOUTH LAWN SERVICE, INC., a Florida
Profit Corporation, ADVANTAGE PERSONNEL
RESOURCES III LLC, a Florida Limited Liability
Company, ABELINO MARTINEZ,
an individual, and OSCAR DOMINGEZ, an
individual,

Defendants.
_________________________________________/

**FIRST AMENDED COMPLAINT**

1. Plaintiff, Sergio Lopez ("Plaintiff" or "Mr. Lopez"), brings this collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), to recover unpaid overtime compensation arising from Defendants South Lawn Service, Inc. ("Defendant South Lawn"), Advantage Personnel Resources III LLC ("Defendant Advantage"), Abelino Martinez ("Defendant Martinez"), and Oscar Dominguez ("Defendant Dominguez") (collectively, "Defendants"), failure to properly compensate Plaintiff for overtime hours worked as required by the FLSA.

2. This action is brought by Plaintiff to recover compensation for the Defendants' unpaid overtime violations, as well as an additional amount as liquidated damages, costs, and

reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provision of 29 U.S.C. § 207.

3. Plaintiff also brings this action against Defendant South Lawn for workers' compensation retaliation pursuant to Florida Statutes Section 440.205, and Plaintiff seeks damages within the Court's jurisdictional requirements, reasonable attorney's fees and costs, and all other remedies allowable by law.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §1331, and 29 U.S.C. § 201 *et seq*. This Court also has supplemental jurisdiction over Plaintiff's workers' compensation retaliation claim pursuant to 28 U.S.C. § 1367, because that claim is so related to Plaintiff's federal law claims that they form part of the same case or controversy.

5. Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claims asserted herein occurred within the Southern District of Florida.

PARTIES

6. Plaintiff is an adult who resides in Miami-Dade County, Florida. Plaintiff has worked for Defendants providing landscaping services from September 2022 to the present. Plaintiff provides landscaping services to Defendants' clients, including residential homes, condominiums, and businesses throughout Central and South Florida. Additionally, during the majority of this time, Plaintiff drove Defendants' vehicles, transporting their equipment and employees, and in this role, Plaintiff performed duties integral to the operation of Defendants' landscaping business. In driving Defendants' vehicles, including Isuzu NPR trucks containing component parts imported from Japan, Plaintiff performed transportation services throughout Florida, and, as such, regularly used and handled gasoline that moved in interstate and international

commerce in the operation of those vehicles. Additionally, Plaintiff regularly operated Defendants' Wright Stander ZK lawn mower equipped with a Kawasaki FX850V motor, which is manufactured in the United States and China and incorporates component parts that moved in interstate and international commerce, including parts originating from Japan and China. Plaintiff regularly "handled" goods and materials that moved in commerce within the meaning of the FLSA, and specifically under 29 U.S.C. § 203(s)(1)(A)(i).

7. Defendant South Lawn is a landscaping company with its headquarters in Hialeah, Florida. Defendant South Lawn provides landscaping services to residential homes, condominiums, and businesses throughout Central and South Florida.

8. Upon information and belief, Defendant South Lawn had annual gross revenues of not less than $500,000 during the relevant time period. Accordingly, Defendant South Lawn was and is an enterprise subject to the requirements of the FLSA.

9. Defendant Martinez is Defendant South Lawn's owner and registered agent. During Plaintiff's employment, Defendant Martinez served as Plaintiff's supervisor and held himself as owner of the company. As Plaintiff's supervisor, Mr. Martinez exercised control over the terms and conditions of Plaintiff's employment.

10. Defendant Dominguez served as a manager of Defendant South Lawn. During Plaintiff's employment, Defendant Dominguez directly supervised Plaintiff and exercised control over Plaintiff's day-to-day work. Defendant Dominguez had the authority to direct Plaintiff's work, assign tasks, and oversee Plaintiff's job performance. In this capacity, Defendant Dominguez acted in the interest of Defendant South Lawn with respect to Plaintiff and exercised control over the terms and conditions of Plaintiff's employment.

11. Defendant Advantage is a Florida limited liability company. Plaintiff's payroll

records identify Defendant Advantage in connection with the processing of Plaintiff's payroll and payment of Plaintiff's wages.

12. Upon information and belief, and as reflected in the Initial Disclosures served by Defendant South Lawn, Defendant Martinez, and Defendant Dominguez, Defendant Advantage performed, shared, and/or retained material payroll and employment-administration functions affecting Plaintiff's compensation, employment status, and other terms and conditions of employment. Those disclosures further identify personnel associated with Defendant Advantage as possessing knowledge concerning Plaintiff's payroll, compensation, employment status, leave, accommodations, workers' compensation matters, performance issues, return-to-work issues, and other employment-related matters.

13. Defendant Advantage acted in Defendant South Lawn's interest with respect to Plaintiff's employment and was Plaintiff's employer and/or joint employer within the meaning of the FLSA during the relevant period.

## FACTUAL ALLEGATIONS

14. Plaintiff, Mr. Lopez, began working for Defendants on or about September 13, 2022, as a landscaper.

15. Defendants regularly assigned Plaintiff to perform landscaping services at residential and commercial properties throughout South Florida and Central Florida.

16. Defendants also required Plaintiff to work as a driver, where he would go to a location, pick up Defendants' truck and some of the other landscapers, then stop at another location to pick up additional landscapers before reporting to the jobsite.

17. Defendants exercised control over Plaintiff's hours, wages, and working conditions. Among other things, Defendants set Plaintiff's rate and method of pay, established his

work schedule, and assigned his daily landscaping and driving tasks. Defendants supervised Plaintiff's work and provided instructions regarding how landscaping and transportation services were to be performed. Plaintiff was responsible for transporting Defendants' equipment and employees and performing landscaping services for Defendants' clients, all of which constituted essential and integral functions of Defendants' landscaping business. Plaintiff's work was a usual, customary, and indispensable part of Defendants' regular business operations.

18. Defendants controlled the means and manner of Plaintiff's performance of work for Defendants, including but not limited to the following:

a. Assigning Mr. Lopez's work schedule and daily landscaping and driving tasks;

b. Requiring Mr. Lopez to report each morning to Defendants' staging area, pick up Defendants' employees, and transport them to Defendants' clients' job sites, and further requiring that, at the end of the workday, Mr. Lopez drop off Defendants' employees and return Defendants' vehicles to the staging area;

c. Requiring Mr. Lopez to wear a uniform bearing Defendants' logo;

d. Requiring Mr. Lopez to adhere to Defendants' rules and standards for performance of the job;

e. Supervising, monitoring, and instructing Mr. Lopez's performance; and

f. Controlling and setting Mr. Lopez's pay.

19. Plaintiff consistently worked more than forty (40) hours per workweek.

20. During his employment, Plaintiff requested overtime compensation for hours worked over forty (40) in a workweek. In response, Defendant Martinez refused and informed Mr. Lopez that overtime laws did not apply to Plaintiff's work, despite requiring him to continue working in excess of forty (40) hours per week.

21. In 2023 and 2024, Plaintiff worked six (6) days per week, from approximately 6:30 a.m. to 5:45 p.m., totaling approximately 11.25 hours per day and approximately 67.5 hours per week. During this time, Plaintiff worked as both a driver and a landscaper.

22. Plaintiff's driving duties extended his workday beyond the time spent performing landscaping services. Specifically, Plaintiff was required to report each morning to Defendants' staging area to collect the work truck and then drive to a separate location to pick up other employees before proceeding to Defendants' clients' job sites. Plaintiff was further required, at the end of the workday, to transport employees to a designated drop-off location and return Defendants' vehicles to the staging area.

23. In 2025, Plaintiff worked five (5) days per week, from approximately 6:30 a.m. to 4:30 p.m., totaling approximately 10 hours per day and approximately 50 hours per week. During this time, Plaintiff continued to perform both driving and landscaping duties, including the same pre-shift and post-shift transportation responsibilities, which extended his workday.

24. In 2026, Plaintiff's role changed, and he no longer performed driving duties. As a result, Plaintiff's work hours were reduced. Plaintiff worked approximately five (5) days per week, from approximately 7:30 a.m. to 4:30 p.m., totaling approximately 9 hours per day and approximately 45 hours per week.

25. Defendants paid Plaintiff on a weekly basis via direct deposit, accompanied by paystubs, and withheld payroll taxes, including FICA, Social Security, and Medicare, from Plaintiff's regular wages. Plaintiff's paystubs reflected compensation for only forty (40) hours worked per week, regardless of the actual number of hours Plaintiff worked each week.

26. The format of Plaintiff's compensation varied over time. For example, from June through October 2023, Plaintiff's paystubs characterized his compensation as "salary" in the

amount of $900.00 per week while still reflecting only forty (40) hours worked. During this same time period, Defendants also paid Plaintiff with a second check, in addition to his regular payroll check. This second check, issued by South Lawn Service, Inc. and drawn on a Bank of America account, was typically in the amount of either $155.00 or $180.00 and, upon information and belief, was intended to compensate Plaintiff for work he performed on Saturdays.

27. Unlike Plaintiff's regular payroll wages, which were subject to tax withholdings and reflected on paystubs, the additional compensation paid by separate company check was issued without any payroll deductions, was not reflected on Plaintiff's paystubs, and did not include any record of the hours worked or rate of pay associated with that compensation. These additional checks were only paid to Plaintiff during the limited time of June 2023 through October 2023.

28. Beginning in November 2023 and continuing through June 2024, Plaintiff's paystubs instead reflected an hourly rate of $23.85, multiplied by forty (40) hours to determine Plaintiff's weekly pay. Beginning in or about July 2024 and continuing through 2026, Plaintiff's paystubs reflected an hourly rate of $24.68, likewise multiplied by forty (40) hours to determine Plaintiff's weekly pay.

29. Regardless of how Defendants characterized Plaintiff's compensation, Defendants uniformly and consistently limited Plaintiff's regular payroll compensation to forty (40) hours per week. Although Plaintiff at times received additional payments for work performed outside of those forty (40) hours, Defendants failed to properly record or compensate such hours in accordance with the overtime requirements of the FLSA.

30. Defendants failed to make, keep, and preserve accurate records of the hours worked by Plaintiff, including the number of hours Plaintiff worked each day and each workweek, as required by the FLSA and its implementing regulations, including 29 C.F.R. § 516.

31. Plaintiff's payroll records identify Defendant Advantage in connection with the processing of Plaintiff's payroll and payment of Plaintiff's wages.

32. The Initial Disclosures served by Defendant South Lawn, Defendant Martinez, and Defendant Dominguez identify payroll and human-resources personnel associated with Defendant Advantage as possessing knowledge concerning Plaintiff's payroll, compensation, employment status, attendance, leave, accommodations, workers' compensation matters, performance issues, return-to-work issues, and other employment-related matters affecting Plaintiff.

33. Those initial disclosures further identify personnel associated with Defendant Advantage as having provided communications and advice concerning Plaintiff's employment status, pay and payroll, absences, medical issues, accommodations, return-to-work issues, performance issues, and employment-related decisions affecting Plaintiff.

34. The privilege disclosures served by Defendant South Lawn, Defendant Martinez, and Defendant Dominguez identify communications involving Defendant South Lawn and Defendant Advantage concerning Plaintiff's injury, work status, performance, and other employment-related matters.

35. Upon information and belief, Defendant Advantage and Defendant South Lawn operated under an agreement or arrangement through which Defendant Advantage performed, shared, and/or retained responsibility concerning payroll administration, wage payment, compensation administration, employment-record administration, leave administration, workers' compensation administration, and human-resources administration affecting Plaintiff.

36. Defendants failed to properly compensate Plaintiff for hours worked over forty (40), including failing to pay required overtime premiums for such hours.

37. Accordingly, Plaintiff is entitled to recover all unpaid overtime compensation due under the FLSA, including overtime premiums for hours worked in excess of forty (40) in each workweek during the relevant period.

38. Plaintiff seeks recovery of unpaid overtime compensation and liquidated damages under the FLSA for the approximate period of June 23, 2023 through the filing of this action. The wages at issue consist of unpaid overtime compensation for hours worked in excess of forty (40) in one or more workweeks. Based upon the information presently available, Plaintiff estimates unpaid overtime wages in the amount of $89,567.09 and liquidated damages in the amount of $89,567.09, for a total estimated FLSA recovery of $179,134.18, exclusive of attorneys' fees and costs. Plaintiff's preliminary damages calculations are based upon the information presently available. For the period during which Plaintiff received a weekly payroll payment together with a separate company-issued check, Plaintiff's damages were calculated using the half-time method. For the remainder of the relevant period, during which Defendants compensated Plaintiff at an hourly rate and reflected compensation for only forty (40) hours worked per week on Plaintiff's paystubs, Plaintiff's damages were calculated using a time-and-one-half overtime rate. Plaintiff's calculations remain subject to supplementation through discovery.

39. Plaintiff's work for Defendants was physically demanding and routinely required heavy lifting and manual labor.

40. Approximately two years prior to the events described herein, Plaintiff suffered a hernia while lifting Defendants' machinery and equipment in the course of his employment. Plaintiff reported this work-related injury to Defendants. Defendants did not provide workers' compensation benefits or cover costs associated with Plaintiff's related medical treatment including surgery.

41. Plaintiff performed his job duties outdoors in South Florida, where he was regularly exposed to extreme heat and harsh working conditions.

42. Despite the physically demanding nature of the work and the outdoor conditions, Defendants did not provide adequate water, ice, shade, or other measures to mitigate the effects of working in the heat.

43. During his employment, Plaintiff developed hand pain as a result of performing his job duties for Defendants, in particular the regular operation of its handheld landscaping tools.

44. Plaintiff reported his hand pain to Defendants and informed them that his condition was caused by his work activities.

45. On or about May 28, 2026, Plaintiff informed Defendants that he had injured his hand and needed to go to the hospital for medical treatment.

46. On May 28, 2026, Plaintiff sought and received medical treatment for his hand injury at Baptist Health Emergency Care, located in Miami Lakes, Florida.

47. Following his medical treatment, Plaintiff sent Defendants medical paperwork he received from his provider which placed him on light duty.

48. Defendant South Lawn, acting through its managers and supervisors, was aware that Plaintiff sought medical treatment for a work-related injury. Defendant South Lawn did not report the injury, did not initiate a workers' compensation claim, and did not provide or cover any medical benefits.

49. Within approximately one week of Plaintiff reporting his work-related injury and seeking medical treatment, Defendant South Lawn issued Plaintiff a written disciplinary warning dated June 1, 2026, signed by Defendant Dominguez and issued on behalf of Defendants' management, citing alleged performance and conduct issues, including leaving job sites, failing to

complete work, and disrupting operations, and warning that further incidents could result in additional discipline, up to and including termination of employment.

50. The reasons stated in the written disciplinary warning were pretextual and were not based on legitimate performance concerns.

51. Defendant South Lawn issued the disciplinary warning in retaliation for Plaintiff reporting his work-related injury and seeking medical treatment, and for placing Defendant South Lawn on notice of a potential workers' compensation claim.

52. As a result of Defendants' retaliatory conduct in violation of Florida Statutes Section 440.205, Mr. Lopez has suffered harm, including but not limited to damage to his employment record, increased risk of termination, and other economic and non-economic damages.

53. Plaintiff has retained undersigned counsel to ensure that his rights under the law are protected and, as a result, he has become obligated to pay undersigned a reasonable attorney's fee.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST DEFENDANT SOUTH LAWN)

54. Plaintiff adopts and realleges all allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

55. Plaintiff was employed by Defendant South Lawn as a landscaper from approximately September 2022 through the present and, for a substantial portion of his employment, also performed driving duties, including transporting Defendants' vehicles, equipment, and employees to and from various job sites.

56. On average, during his employment with Defendant South Lawn, Plaintiff regularly worked between 45 and 67.5 hours per week.

57. The FLSA, specifically 29 U.S.C. § 207, requires employers to pay employees overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. At all relevant times, Defendant South Lawn was Plaintiff's employer, and Plaintiff was an employee within the meaning of the FLSA. At all relevant times, Defendant South Lawn was an enterprise engaged in commerce within the meaning of the FLSA because it employed individuals, including Plaintiff, who handled and worked on goods and materials that had moved in interstate commerce, including vehicles, landscaping equipment, and gasoline used in Defendants' operations, and because Defendant South Lawn had annual gross sales in excess of $500,000.

58. During Plaintiff's employment, Defendant South Lawn compensated Plaintiff for only forty (40) hours per week through its payroll system, regardless of the number of hours Plaintiff actually worked. Although Plaintiff regularly worked in excess of forty (40) hours per workweek, Defendant South Lawn failed to properly compensate Plaintiff for such additional hours in accordance with the FLSA.

59. Defendant South Lawn was aware of the overtime requirements of the FLSA. Plaintiff requested overtime compensation for hours worked over forty (40), and Defendant Martinez informed Plaintiff that overtime laws did not apply to his work. Defendant South Lawn therefore knew or showed reckless disregard for whether its conduct violated the FLSA

60. As a result, Defendant South Lawn failed to properly compensate Plaintiff for hours worked over forty (40), including failing to pay required overtime premiums for such hours. Plaintiff is therefore entitled to recover all overtime compensation due under the FLSA for hours worked in excess of forty (40) in each workweek.

61. Defendant South Lawn's failure to pay FLSA-required overtime was willful within the meaning of the FLSA.

62. Defendant South Lawn knew or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages to Plaintiff.

63. By reason of the foregoing, Plaintiff has suffered damages and has incurred costs and attorneys' fees. Plaintiff is entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

64. Because Defendant South Lawn's violations of the FLSA were willful, Plaintiff is entitled to recover unpaid overtime wages for a period of three (3) years preceding the filing of this action, pursuant to 29 U.S.C. § 255(a).

65. WHEREFORE, Plaintiff demands judgment against Defendant South Lawn for payment of all unpaid overtime compensation due under the FLSA, including applicable overtime premiums for all hours worked over forty (40), reimbursement for all of his work-related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST DEFENDANT MARTINEZ)

66. Plaintiff adopts and realleges all allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

67. Plaintiff was employed by Defendants as a landscaper from approximately September 2022 through the present and, for a substantial portion of his employment, also performed driving duties, including transporting Defendants' vehicles, equipment, and employees to and from various job sites.

68. On average, during his employment with Defendants, Plaintiff regularly worked between 45 and 67.5 hours per week.

69. The FLSA, specifically 29 U.S.C. § 207, requires employers to pay employees overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. At all relevant times, Defendant Martinez was Plaintiff's employer within the meaning of the FLSA, as defined by 29 U.S.C. § 203(d), because he acted directly or indirectly in the interest of Defendant South Lawn in relation to Plaintiff. Defendant Martinez, as owner and registered agent of Defendant South Lawn, exercised control over Plaintiff's employment, including control over Plaintiff's pay, work schedules, and conditions of employment.

70. During Plaintiff's employment, Defendant Martinez compensated Plaintiff for only forty (40) hours per week through payroll, regardless of the number of hours Plaintiff actually worked. Although Plaintiff regularly worked in excess of forty (40) hours per workweek, Defendant Martinez failed to ensure that Plaintiff was properly compensated for such additional hours in accordance with the FLSA.

71. Defendant Martinez was aware of the overtime requirements of the FLSA. Plaintiff requested overtime compensation for hours worked over forty (40), and Defendant Martinez informed Plaintiff that overtime laws did not apply to his work. Defendant Martinez therefore knew or showed reckless disregard for whether his conduct violated the FLSA.

72. As a result, Defendant Martinez failed to properly compensate Plaintiff for hours worked over forty (40), including failing to ensure that Plaintiff received required overtime premiums. Plaintiff is therefore entitled to recover all overtime compensation due under the FLSA.

73. Defendant Martinez's failure to pay FLSA-required overtime was willful within the meaning of the FLSA.

74. Defendant Martinez knew or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages to Plaintiff.

75. By reason of the foregoing, Plaintiff has suffered damages and has incurred costs and attorneys' fees. Plaintiff is entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

76. Because Defendant Martinez's violations of the FLSA were willful, Plaintiff is entitled to recover unpaid overtime wages for a period of three (3) years preceding the filing of this action, pursuant to 29 U.S.C. § 255(a).

77. WHEREFORE, Plaintiff demands judgment against Defendant Martinez for payment of all unpaid overtime compensation due under the FLSA, including applicable overtime premiums for hours worked over forty (40), reimbursement for all of his work-related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by § 216(b) of the FLSA.

**COUNT III**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST DEFENDANT DOMINGUEZ)**

78. Plaintiff adopts and realleges all allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

79. Plaintiff was employed by Defendants as a landscaper from approximately September 2022 through the present and, for a substantial portion of his employment, also performed driving duties, including transporting Defendants' vehicles, equipment, and employees to and from various job sites.

80. On average, during his employment with Defendants, Plaintiff regularly worked between 45 and 67.5 hours per week.

81. The FLSA, specifically 29 U.S.C. § 207, requires employers to pay employees overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. At all relevant times, Defendant Dominguez was Plaintiff's employer within the meaning of the FLSA, as defined by 29 U.S.C. § 203(d), because he acted directly or indirectly in the interest of Defendant South Lawn in relation to Plaintiff. Defendant Dominguez, as a manager of Defendant South Lawn, exercised control over Plaintiff's employment, including supervising Plaintiff's work, directing his tasks, determining his daily assignments, and overseeing his day-to-day work activities.

82. Despite this knowledge, Defendant Dominguez permitted Plaintiff to continue working these hours without ensuring that Plaintiff was properly compensated for all hours worked in excess of forty (40) in accordance with the FLSA.

83. As a result, Defendant Dominguez permitted Plaintiff to work hours in excess of forty (40) without being properly compensated for such hours, including failing to ensure payment of required overtime premiums. Plaintiff is therefore entitled to recover all overtime compensation due under the FLSA.

84. Defendant Dominguez's failure to ensure that Plaintiff was paid overtime compensation as required by the FLSA was willful within the meaning of the FLSA.

85. Defendant Dominguez knew or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages to Plaintiff.

86. By reason of the foregoing, Plaintiff has suffered damages and has incurred costs and attorneys' fees. Plaintiff is entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

87. Because Defendant Dominguez's violations of the FLSA were willful, Plaintiff is entitled to recover unpaid overtime wages for a period of three (3) years preceding the filing of this action, pursuant to 29 U.S.C. § 255(a).

88. WHEREFORE, Plaintiff demands judgment against Defendant Dominguez for payment of all unpaid overtime compensation due under the FLSA, including applicable overtime premiums for hours worked over forty (40), reimbursement for all of his work-related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by § 216(b) of the FLSA.

## COUNT IV
## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA (AGAINST DEFENDANT ADVANTAGE)

89. Plaintiff adopts and realleges Paragraphs 1 through 38 as though fully set forth herein.

90. Plaintiff was employed by Defendants as a landscaper from approximately September 2022 through the present and, for a substantial portion of his employment, also performed driving duties, including transporting Defendants' vehicles, equipment, and employees to and from various job sites.

91. On average, during his employment with Defendants, Plaintiff regularly worked between 45 and 67.5 hours per week.

92. The FLSA, specifically 29 U.S.C. § 207, requires employers to pay employees overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

93. At all relevant times, Defendant Advantage acted directly in the interest of Defendant South Lawn with respect to Plaintiff's employment and was Plaintiff's employer and/or joint employer within the meaning of the FLSA.

94. Upon information and belief, and as set forth in the Initial Disclosures served by Defendant South Lawn, Defendant Martinez, and Defendant Dominguez, Defendant Advantage performed, shared, and/or retained responsibility concerning payroll administration, wage payment, compensation administration, employment-record administration, leave administration, workers' compensation administration, and human-resources administration affecting Plaintiff.

95. Plaintiff's payroll records identify Defendant Advantage in connection with the processing of Plaintiff's payroll and payment of Plaintiff's wages.

96. Defendant Advantage possessed, maintained, received, administered, and/or had access to information concerning Plaintiff's compensation, payroll, and hours worked.

97. Defendant Advantage knew or should have known the number of hours worked by Plaintiff, the manner in which Plaintiff was compensated, and the fact that Plaintiff regularly worked in excess of forty (40) hours per workweek, as it possessed, maintained, received, administered, and/or had access to information concerning Plaintiff's compensation and hours worked, and provided communications and advice concerning Plaintiff's payroll, compensation, employment status, and other employment-related matters.

98. Despite this knowledge, Defendant Advantage failed to ensure that Plaintiff was properly compensated for all overtime hours worked in accordance with the FLSA.

99. As a result, Defendant Advantage failed to properly compensate Plaintiff for hours worked in excess of forty (40) in a workweek, including failing to ensure payment of required overtime premiums.

100. Defendant Advantage's failure to pay FLSA-required overtime was willful within the meaning of the FLSA.

101. Defendant Advantage knew or showed reckless disregard for whether its conduct complied with the overtime requirements of the FLSA.

102. By reason of the foregoing, Plaintiff has suffered damages and has incurred costs and attorneys' fees. Plaintiff is entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

103. Because Defendant Advantage's violations of the FLSA were willful, Plaintiff is entitled to recover unpaid overtime wages for a period of three (3) years preceding the filing of this action, pursuant to 29 U.S.C. § 255(a).

104. WHEREFORE, Plaintiff demands judgment against Defendant Advantage for payment of all unpaid overtime compensation due under the FLSA, including applicable overtime premiums for hours worked over forty (40), liquidated damages, reasonable attorneys' fees and costs of suit, and all other relief available under the FLSA.

## COUNT V
## RETALIATION IN VIOLATION OF FLORIDA STATUTES SECTION 440.205
## (AGAINST DEFENDANT SOUTH LAWN)

105. Plaintiff adopts and realleges all allegations contained in Paragraphs 1 through 10 and 39 through 53 as if fully set forth herein.

106. During his employment, Plaintiff suffered a work-related injury and developed hand pain as a result of performing his job duties for Defendant South Lawn.

107. Plaintiff reported his work-related injury to Defendant South Lawn and informed it that his condition was caused by his work activities.

108. On or about May 28, 2026, Plaintiff informed Defendant Dominguez that he had injured his hand and needed to go to the hospital for medical treatment. Plaintiff thereafter sought and received medical care for his injury.

109. By reporting his work-related injury and seeking medical treatment, Plaintiff engaged in protected activity under Florida Statutes Section 440.205 and placed Defendant South Lawn on notice of a potential workers' compensation claim.

110. Defendant South Lawn was aware of Plaintiff's work-related injury and his need for medical treatment, but failed to report the injury, failed to initiate a workers' compensation claim, and did not provide workers' compensation benefits.

111. Within approximately one week of Plaintiff reporting his work-related injury and seeking medical treatment, Defendant South Lawn issued Plaintiff a written disciplinary warning dated June 1, 2026, citing alleged performance and conduct issues and warning that further incidents could result in discipline up to and including termination of employment.

112. Defendant South Lawn's actions constitute unlawful retaliation under Florida Statutes Section 440.205 because shortly after Plaintiff reported a workplace injury and sought medical treatment, it subjected Plaintiff to discipline in direct response to his exercise of protected rights.

113. Defendant South Lawn's actions were pretextual and were not based on legitimate performance concerns, but were intended to retaliate against Plaintiff for reporting his work-related injury.

114. As a result of Defendant South Lawn's retaliatory conduct, Plaintiff has suffered damages, including damage to his employment record, increased risk of termination, and non-economic damages including emotional distress and mental anguish.

WHEREFORE, Plaintiff requests the following relief:

a. Judgment against Defendant South Lawn for compensatory damages, including emotional distress and other non-economic damages as determined by this Court;

b. Punitive damages in an amount to be determined by this Court;

c. Prejudgment interest on all damages awarded;

d. Reasonable attorney's fees and costs; and

e. Any further relief this Court deems just and proper.

**<u>DEMAND FOR A TRIAL BY JURY</u>**

Plaintiff demands trial by jury on all issues of this Complaint so triable as a matter of right.

Date: November 5, 2026

Respectfully submitted,

*<u>/s/Philip F. McManus</u>*
Philip F. McManus, Esq.
Florida Bar No. 1028234
Suhaill M. Morales, Esq.
Florida Bar No. 84448
SMM Law P.A.
7900 NW 155 Street, Suite 203
Miami Lakes, FL 33016
305-518-7026
smorales@smmlawfirm.com
philip@smmlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record.

*/s/Philip F. McManus*
Philip F. McManus