**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-24614**

SERGIO LOPEZ, on behalf of himself and all others similarly situated under 29 U.S.C. §216(b),

Plaintiff,

v.

SOUTH LAWN SERVICE, INC., a Florida Profit Corporation, ADVANTAGE PERSONNEL RESOURCES III LLC, a Florida Limited Liability Company, ABELINO MARTINEZ, an individual, and OSCAR DOMINGEZ, an individual,

Defendants.
_______________________________________/

## STATEMENT OF CLAIM

Plaintiff, SERGIO LOPEZ, pursuant to the Court's Order in Actions Brought Under the Fair Labor Standards Act [ECF No. 27], hereby files his Statement of Claim and states as follows:

**a. An initial estimate of the total amount of alleged unpaid wages;**

Plaintiff presently estimates that he is owed approximately $**89,567.09** in unpaid overtime compensation. When combined with an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), Plaintiff's damages total approximately **$179,134.18**, exclusive of attorneys' fees, costs, interest, and any additional damages that may be revealed through discovery.

**b. A preliminary calculation of such wages;**

Attached as **Exhibit A** is a preliminary damages chart setting forth Plaintiff's estimated unpaid wages, unpaid overtime compensation, and liquidated damages.

From approximately June 23, 2023, through October 26, 2023, Defendants compensated

Plaintiff through two separate forms of payment: (1) a weekly payroll payment reflecting forty (40) hours of work, which was characterized on Plaintiff's paystubs as a salary payment, and (2) separate company-issued check payments for work performed on Saturdays. The additional compensation paid by separate company check was issued outside of Defendants' regular payroll system, was not reflected on Plaintiff's paystubs, did not include payroll deductions, and did not identify the hours worked or rate of pay associated with the payment. During this period, Plaintiff regularly worked approximately sixty-seven and one-half (67.5) hours per week. Although Defendants provided additional compensation for *some* work performed in excess of forty (40) hours through the separate Saturday payments, those payments did not compensate Plaintiff for all hours worked or satisfy Defendants' overtime obligations under the FLSA. However, because Defendants compensated Plaintiff for *some* of the overtime hours he worked through the separate company check, the calculations for this period of time we performed using the ½ time method: by dividing total renumeration by all hours worked to arrive at the regular rate, and then computing the additional ½ time due for each overtime hour worked.

Thereafter, Defendants ceased paying Plaintiff through separate company-issued checks and instead compensated Plaintiff exclusively through payroll payments reflecting no more than forty (40) hours per week, regardless of the number of hours Plaintiff actually worked. In addition, Plaintiff's paystubs consistently reflected an hourly rate of pay rather than a salary. Accordingly, because Defendants failed to provide any additional compensation for overtime hours worked during this period, Plaintiff's preliminary damages calculations for the remainder of the relevant period are computed using the time-and-one-half method, based upon Plaintiff's regular hourly rate and all hours worked in excess of forty (40) in each workweek. While Plaintiff's hours decreased over time from 67.5, to 50, and then 45, the basis for calculating overtime damages at

the time-and-one-half rate remained consistent because Defendants did not provide any additional compensation whatsoever for hours worked in excess of forty (40) in a workweek.

**c. The approximate period during which the alleged FLSA violations occurred; and**

Plaintiff seeks recovery of unpaid overtime compensation for the full three-year limitations period permitted under the FLSA for willful violations, from approximately June 2023 through June 2026. Plaintiff contends that Defendants' violations of the FLSA were willful and therefore the three-year limitations period set forth in 29 U.S.C. § 255(a) applies.

**d. The nature of the wages (e.g., overtime or straight time).**

As set forth above, Plaintiff seeks unpaid overtime compensation calculated using both the half-time and time-and-one-half methodologies during the applicable periods, together with an equal amount as liquidated damages under the FLSA.

Date: November 17, 2026

Respectfully submitted,

*/s/Philip F. McManus*

Philip F. McManus, Esq.
Florida Bar No. 1028234
Suhaill M. Morales, Esq.
Florida Bar No. 84448
SMM Law P.A.
7900 NW 155 Street, Suite 203
Miami Lakes, FL 33016
305-518-7026
smorales@smmlawfirm.com
philip@smmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record.

*/s/Philip F. McManus*
Philip F. McManus